# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| _____ | |
| Maryland Casualty Company, | : |
|     Plaintiff, | :    Hon. Joseph H. Rodriguez |
|     v. | :    Civil Action No. 12-03613 |
| Johnson Services, LLC, et al, | :    **OPINION** |
|     Defendants. | : |
| _____ | |
| Johnson Specialized Transportation, Inc., et al, | : |
|     Third Party Plaintiffs, | : |
|     v. | : |
| Brian Piccolo, et al, | : |
|     Third Party Defendants. | : |
| _____ | : |

    This matter comes before the Court on Third Party Defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the motion will be denied.

## I.    Background

    The following facts are taken from the Plaintiff's Complaint, and, as such, the Court accepts them as true for the purposes of this Motion. On or about 2006-2007, Third Party Defendant Brian J. Piccolo and his insurance company, Third Party Defendant Insurance Coverage Specialists, LLC, began writing policies for Third Party Plaintiffs, Johnson Specialized Transportation, Inc. and Johnson Services, LLC. (Compl.

¶ 5.) In or about 2009, the State of New Jersey requested proof from Third Party Plaintiffs of Workman's Compensation Insurance. (Compl. ¶ 7.) Accordingly, Third Party Defendants provided such proof to the State of New Jersey that there was coverage. (Compl. ¶ 8.) The documents produced by Third Party Defendants were "part of the ongoing responsibility to procure and place insurance" for Third Party Plaintiffs "in accordance with the agreement between the parties." (Compl. ¶ 9.) On or about January 31, 2012, Ford Marshall was injured at the premises of Third Party Plaintiff's Johnson's Services and Johnson Specialized Transportation, Inc. (Compl. ¶ 6.)

Third Party Plaintiffs' counsel filed the Third Party Complaint against Third Party Defendants on October 7, 2013. (Dkt. No. 39.) In Count One of the Third Party Complaint, Third Party Plaintiffs claim that Third Party Defendants were negligent in obtaining the coverage, and/or failed to maintain the proper coverage, and/or failed to notify Third Party Plaintiffs that the coverage had been terminated or did not exist. (Compl. ¶ 11.) Third Party Plaintiffs further claim that Third Party Defendants were negligent in that they failed to provide insurance that properly covered all employees of Third Party Plaintiffs, thus exposing them to liability. (Compl. ¶ 13.) As a result, Third Party Plaintiffs were left without insurance and with a substantial claim pending for injuries sustained by employee Ford Marshall. (Compl. ¶ 14.) Count Two of the Third Party Complaint claims that Third Party Plaintiffs have suffered damages as a result of misrepresentation, omission of fact, and affirmative misrepresentation, and demands a Judgment against Third Party Defendants accordingly. (Compl. ¶ 19.)

Third Party Defendants' counsel then filed their Answer on November 20, 2013. (Dkt. No. 42.) After the Answer was filed, Third Party Plaintiffs had, at most, 120 days, or until March 20, 2014, to provide the requisite Affidavit of Merit. Third Party Plaintiffs

failed to file the Affidavit of Merit by March 20, 2014. During a March 28, 2014 telephonic case management conference with Magistrate Judge Ann Marie Donio, counsel for Third Party Defendants indicated that they would be filing a motion to dismiss the Third Party Complaint for failure to produce the required Affidavit of Merit during the allotted period of time. (Def. Br. Mot. Dismiss, Certification of Counsel ¶ 5.) However, Third Party Defendants' counsel filed an Affidavit of Merit for Carl Thomas on April 15, 2014, twenty-six days past the last possible due date. (Dkt. No. 50.)

## II.     Standard

Federal Rule of Civil Procedure 12(c) governs a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c). Under Rule 12(c), judgment is proper when the movant clearly shows "that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Rosenau v. Uniford Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citing Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988)).  When a motion under Rule 12(c) is based on a plaintiff's failure to state a claim upon which relief can be granted, it is reviewed under the same standard as a 12(b)(6) motion to dismiss. Turbe v. Government of the Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed. R. Civ. P. 8(a)(2). While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. Phillips v. County of

Allegheny, 515 F.3d 224, 231 (3d Cir. 2008); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. Phillips, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556).

### III. Discussion

Third Party Defendants argue that the failure of Third Party Plaintiffs to provide the requisite Affidavit of Merit within the time allotted is tantamount to the failure to state a cause of action, subjecting the complaint to dismissal with prejudice. (Def. Br. Mot. Dismiss 1.) Third Party Plaintiffs admit that an Affidavit of Merit was not timely filed but contend that an Affidavit is not needed because the claims here fall within the common knowledge exception to the statute. The Court agrees.

In New Jersey[1], an Affidavit of Merit is required by statute for "any action" involving professional malpractice claims against "licensed persons." See N.J.S.A. 2A:53A-27. That statute provides in relevant part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or

---

[1] Federal courts sitting in diversity must apply New Jersey's Affidavit of Merit Statute. Fink v. Ritner, 318 F.Supp.2d 225, 228 (D.N.J. 2004) (citing Chamberlain v. Giampapa, 210 F.3d 154, 157 (3d Cir. 2000)).

> exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

N.J.S.A. 2A:53A-27 (2004). According to N.J.S.A. 2A:53A-29, "[i]f the plaintiff fails to provide an affidavit or a statement in lieu thereof… it shall be deemed a failure to state a cause of action." N.J.S.A. 2A:53A-29 (1995). Under the statute, an "insurance producer" constitutes a licensed person. N.J.S.A. 2A:53A-26(o) (2010).

To determine whether the statute applies to a particular cause of the action, the Court considers the following:

> (1) whether the action is for "damages for personal injuries, wrongful death or property damage" (nature of injury); (2) whether the action is for "malpractice or negligence" (cause of action); and (3) whether the "care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint [ ] fell outside acceptable professional or occupational standards or treatment practices" (standard of care).

Couri v. Gardner, 173 N.J. 328, 334 (2002) (quoting N.J.S.A. 2A:53A-27). Subject to certain exceptions, "failure to provide an affidavit results in dismissal of the complaint." N.J.S.A. 2A:53A-29 (1995). Additionally, such dismissal is with prejudice subject to certain exceptions. Cornblatt v. Barow, 153 N.J. 218, 242 (1998).

One such exception to the statute was recognized by the New Jersey Supreme Court for "common knowledge" cases; cases where a party's negligence is so apparent that expert testimony is not needed at trial. Hubbard ex rel. Hubbard v. Reed, 168 N.J. 397, 392 (2001). The common knowledge exception is narrowly construed and applies where jurors' common knowledge as lay persons is sufficient to enable them, "using ordinary understanding and experience," to determine a defendant's negligence without

the benefit of the specialized knowledge of experts. Id. at 395 (quoting Estate of Chin v. Saint Barnabas Med. Ctr., 734 A.2d 778, 785 (N.J. 1999)). Therefore, a plaintiff who asserts a common knowledge malpractice claim is not required to proffer expert testimony to establish the standard of care of a professional.

While the statute only addresses actions for malpractice or negligence, the Supreme Court of New Jersey provides in Couri, that "[i]t is not the label placed on the action that is pivotal but the nature of the legal inquiry." Couri, 173 N.J. at 340. "Accordingly, when presented with a tort or contract claim asserted against a professional specified in the statute... courts should determine if the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession. If such proof is required, an affidavit of merit is required[.]" Id.

The Court finds that Third Party Plaintiff's negligence and misrepresentation claims do not involve any special care, skill or knowledge that is reserved to a licensed professional. Count One of the Third Party Complaint claims that Third Party Defendants "were negligent in that they failed to place insurance that properly covered all employees of [Third Party Plaintiffs] exposing [them] to liability." (Compl. ¶ 13.) Count Two of the Third Party Complaint claims that, "[a]s a direct and proximate result of the misrepresentation of Third Party Defendants," Third Party Plaintiffs suffered damages. (Compl. ¶ 19.)

The Third Party Complaint is predicated upon the fact that Third Party Defendants produced partial insurance documents to Third Party Plaintiffs which misinformed Third Party Plaintiffs about the status of their insurance, that Third Party

Plaintiffs relied on those documents, and that this reliance was detrimental. (Compl. ¶ 16, 17, 18).   By providing only partial insurance document, Third Party Plaintiffs were unable to assess the status and/or scope of coverage.  Such allegations do not require proof of a deviation from the professional standard of care applicable to an insurance producer.

For the reasons stated above, Third Party Defendants Motion to Dismiss with prejudice pursuant to Federal Rule of Civil Procedure 12(c) is denied.

An appropriate order shall issue.

Dated: November  12, 2014

                            s/ Joseph H. Rodriguez
                            Hon. Joseph H. Rodriguez,
                            UNITED STATES DISTRICT JUDGE